IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MD NAHID HAIDER TUSHAR,

    Petitioner,

v.                                     No. 1:26-cv-02026-KG-GBW

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Md Nahid Haider Tushar's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7.  Petitioner proceeds pro se. For the reasons below, the Court grants the habeas petition and orders his immediate release.

## I.    *Background*

Petitioner, a 22-year-old native and citizen of Bangladesh, entered the United States on or about February 22, 2025.  Doc. 1 at 3.  The Department of Homeland Security ("DHS") detained him at that time.  *Id.*  On November 12, 2025, an immigration judge ordered him removed but granted withholding of removal to Bangladesh.  *Id.*  Petitioner did not appeal that decision, so it became administratively final on December 12, 2025.  *Id.*

Petitioner seeks immediate release.  He argues that his detention violates the Immigration and Nationality Act and Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable.  Doc. 1 at 3–4.  Specifically, he claims that he cannot be removed to Bangladesh because of his withholding of removal, and that ICE has failed to identify a third country willing to accept him.  *Id.*

The Government opposes the Petition.  It claims that "[t]hird country removal arrangements are currently pending."  Doc. 7 at 1.  Its Response includes an affidavit from an

ICE agent familiar with Petitioner's case, stating that "there is currently no firm estimate...on when third country removal arrangements will be finalized." *Id.* at 12.

## II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(b). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id*. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025

WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

### III.    Analysis

Petitioner's detention violates due process.  To start, the *Zadvydas* burden-shifting framework applies.  Petitioner's removal order became administratively final in December, 2025. Doc. 1 at 3–4.  He has been detained for approximately seven months since that date, over the six-month presumptively-reasonable period.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  He asserts that ICE "did not identify any third country willing to accept him, any travel document, or any scheduled removal date." *Id.*  That allegation is sufficient to meet his burden.

Finally, the Government fails to rebut Petitioner's showing.  Its only claim about the progress of removal is that "[t]hird country removal arrangements are currently pending."  Doc. 7 at 1.  The presiding ICE agent concedes that "there is no firm estimate" of when the agency will arrange third-country removal.  Such bare conclusions are insufficient to meet the Government's burden.  The Government offers no timeline, no confirmed destination, and no evidence that removal is imminent.  It therefore fails to show that removal is reasonably foreseeable. *See Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.) ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention"), *R&R adopted*, 2025 WL 3006045 (W.D. Okla.); *Vargas v. Noem*, 2025 WL 2770679, at *3 (D. Kan.) (same).

3

*IV.*    ***Conclusion***

For the reasons above, Petitioner's continued detention violates § 1231(a).  The Court therefore orders that:

1. The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release.

2. The Government is enjoined from redetaining Petitioner absent a showing that his removal is reasonably foreseeable—such as communications from foreign governments and the Government's anticipated timeline.

3. The Government shall file a status report within 10 business days certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.